IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JOHNNY L. PACK, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:04-1154 |
| ) | |
| THOMAS McBRIDE, Warden, ) | |
| Mount Olive Correctional Center, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Plaintiff, an inmate at Mount Olive Correctional Complex [MOCC], has filed a Complaint[1] claiming violations of his right of equal protection and Eighth Amendment due process rights. (Document No. 1.) Plaintiff has also filed a Motion for Preliminary Injunction (Document No. 2) and an Application to Proceed *in forma pauperis* (Document No. 3.). The undersigned finds that Plaintiff's Complaint is frivolous and fails to state a claim for which relief can be granted and therefore must be dismissed pursuant to 28 U.S.C. § 1915A[2] and his Motion for Preliminary

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -

Injunction and Application to Proceed *in forma pauperis* must therefore be denied.

In his Complaint, Plaintiff contends that his right to equal protection has been violated because Defendants were "letting other inmates get by with rule violations and . . . I was wrote up for every little thing." (Document No. 1, Plaintiff's handwritten Statement of Facts, ¶ 3.) Plaintiff contends that Defendants allowed him to participate in group activities beginning in December, 2003, and have violated his Eighth Amendment and due process rights since July 22, 2004, by holding him in segregation on staff contact only status and denying him participation in group activities in retaliation for his filing of grievances and a mandamus action and assisting another inmate with legal work. (Id., ¶¶ 10 and 13.) Citing case law, Plaintiff states that "[W]here an inmate is placed in protective custody for his own protection, but the need for such segregation no longer exists, continued confinement may violate due process." (Id., at ¶ 16) He states that there is no longer any reason to hold him in segregation on staff contact only status and Defendants' doing so violates his right to the same educational, vocational, recreational and other program opportunities to which other inmates are entitled. He states that Defendants "are both in a position to reasonably know that confinement in isolation with no human contact for too long of a duration can result in a violation of Eighth Amendment rights." (Id., ¶ 26.) Plaintiff further complains that Defendants have refused to provide him with a new pillow and new boots when his pillow has fallen apart and his boots are worn and hurt his feet thus affecting his health and denying him adequate clothing and

---

328, 109 S.Ct. at 1833. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

sleeping items in violation of the Eighth Amendment. (Id., ¶¶ 27 - 32.) For relief, Plaintiff requests (1) that he be taken off of staff contact only status and be permitted to participate in group activities; or alternatively, (2) that he be transferred to another facility where he can be held in segregation and be permitted to participate with other inmates in group education, recreation and legal representative and vocational training; (3) that the Court enjoin Defendants from retaliating against him for filing grievances and lawsuits; (4) that he receive an award of nominal or compensatory and punitive damages; (5) that the Court require Defendants to provide him a new pillow, new boots and red sweat clothing; and (6) that the Court order Defendants to treat him equally. (Document No. 1, p. 5.)

In requesting a preliminary injunction, Plaintiff asks that the Court enjoin Defendants "from continuing to keep plaintiff in staff contact only with no type of human contact, from denying plaintiff group recreation, group treatment, from denying plaintiff his right to rehabilitation, his right to equal protection and his right to education." (Document No. 2.)

**FACTUAL AND PROCEDURAL BACKGROUND**

An examination of actions which Plaintiff has filed in this Court in the past discloses that he has claimed the opposite of his claims in the case *sub judice*, namely that he was subject to a substantial risk of harm and consequently his Eighth Amendment rights were violated when correctional administrators and officers did not place him in protective custody. Following is a summary of Plaintiff's circumstances and allegations raised in his prior actions.

Plaintiff pled guilty and was convicted in the Circuit Court of Raleigh County, West Virginia, of grand larceny and unlawful wounding on February 27, 1998. State v. Pack, Case Nos. 97-F-82 & 98-IF-72-H (Cir. Ct. Raleigh County, Apr. 3, 1998). (Pack v. Painter, Civil Action No. 5:99-0815, Document No. 5, Exhibit 1.) The Circuit Court sentenced Plaintiff on April 3, 1998, to a term of

imprisonment in the West Virginia Penitentiary of one to ten years on the grand larceny conviction and to a concurrent term of imprisonment of one to five years on the unlawful wounding conviction. (Id.) Plaintiff was confined in the Northern Regional Jail and Correctional Facility from April 17, 1998, until October 22, 1998, when he was transferred to MOCC. (Id., p. 2.) Plaintiff began filing grievances on December 2, 1998, requesting that he be placed in protective custody. (Id.) Plaintiff stated that prior to his incarceration, he was a confidential informant and that he was confined at MOCC with inmates whom he helped convict.

On September 17, 1999, Plaintiff filed a Complaint in this District Court claiming entitlement to relief pursuant to 42 U.S.C. § 1983. Pack v. Painter, Civil Action No. 5:99-0815, Document No. 1.) Plaintiff complained that prison officials failed to honor the Raleigh County Circuit Court's Order directing that he be placed in protective custody as a result of his cooperation with law enforcement. (Civil Action No. 5:99-0815, Document No. 5, p. 2.) On December 3, 1999, United States Magistrate Judge Feinberg entered Proposed Findings and Recommendation that the District Court find that Plaintiff failed to state a claim that he was subject to an excessive risk of harm to which prison officials were deliberately indifferent and that he failed to show he was subject to immediate and irreparable injury. (Id., p. 7.) The District Court adopted Magistrate Judge Feinberg's Findings and Recommendation and dismissed Plaintiff's action. (Civil Action No. 5:99-0185, Document No. 8.)

Plaintiff filed a Motion for Preliminary Injunction on March 27, 2001, alleging that correctional officers disclosed his role as a confidential informant thereby subjecting him to an excessive risk of violence by correctional officers and other inmates. Pack v. West Virginia Division of Corr., Civil Action No. 5:01-0265, Document No. 1. On April 9, 2001, District Court Judge Faber conducted a hearing upon Plaintiff's Motion and found "that there was a complete failure of proof by the plaintiff regarding his claims." (Civil Action No. 5:01-0265, Document No. 11.) The Court heard testimony from Plaintiff and Lieutenant Joseph Bradford Coy. (Id., Document No. 8.) Joseph Coy testified that Plaintiff was not in any

4

imminent danger, that he was not working as a confidential informant at MOCC and that MOCC had no desire to have him working as such. (Id., p. 2.) The District Court denied Plaintiff's Motion by Order entered on May 1, 2001. (Id., Document No. 11.) Plaintiff subsequently filed more information regarding his claims and on May 18, 2001, Magistrate Judge Stanley entered Proposed Findings and Recommendation that his civil action be dismissed as frivolous for his failure to state a claim upon which relief can be granted. (Id., Document No. 12.) The District Court dismissed his civil action by Judgment Order entered on April 17, 2002. (Id., Document No. 17.)

Plaintiff filed a further action pursuant to 42 U.S.C. § 1983 on January 25, 2002. Pack v. Rubenstein, et al., Civil Action No. 5:02-0076. Plaintiff claimed, among other things, that Defendants released him into general population and failed to protect him from assault by other inmates in violation of his rights under the Eighth Amendment of the United States Constitution and retaliated against him for taking legal action. The undersigned found that Plaintiff failed to state a claim for which relief could be granted and failed to exhaust his administrative remedies with respect to all of the claims which he raised in his Complaint and recommended dismissal. (Id., Document No. 36.) By Order entered on March 24, 2004, the District Court dismissed the civil action. (Id., Document No. 37.)

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987).

A. Plaintiff's Eighth Amendment Claims.

Considering Plaintiff's claims as alleging prohibited punishments under the Eighth Amendment of the United States Constitution, it is clear that the circumstances alleged do not present a viable Eighth Amendment claim. The Eighth Amendment prohibits cruel and unusual punishment. As a general matter, prohibited punishments under the Eighth Amendment include

those which involve the "unnecessary and wanton infliction of pain," and conditions that are "grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The Eighth Amendment "not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation); The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), *citing* Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th

Cir. 1990).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In Strickler, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health and safety of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of life's necessities and medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim. To establish the subjective component of deliberate indifference, Plaintiff must allege and prove each Defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, Plaintiff must establish respecting each Defendant that he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both

7

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979.

The Fourth Circuit stated as follows respecting the constitutionality of holding inmates in segregation for long periods of time in In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999), *cert. denied by* Mickle v. Moore, 528 U.S. 874, 120 S.Ct. 179, 145 L.Ed.2d 151 (1999):

> [T]he isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable. Indeed, this court has noted that 'isolation from companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [that] confinement unconstitutional absent other illegitimate deprivations.' Sweet [v. South Carolina Dep't of Corrections], 529 F.2d at 861 (internal quotation marks omitted).
>
> Moreover, the indefinite duration of the inmates' segregation does not render it unconstitutional. * * * [L]ength of time is 'simply one consideration among many' in the Eighth Amendment inquiry. Hutto v. Finney, 437 U.S. 678, 687, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *see* Sweet, 529 F.2d at 861 - 62. * * * Depression and anxiety are unfortunate concomitants of incarceration; they do not, however, typically constitute the 'extreme deprivations . . . required to make out a conditions-of-confinement claim.' Hudson v. McMillian, 503 U.S. 1, 8 - 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992.) A depressed mental state, without more, does not rise to the level of the 'serious or significant physical or emotional injury' that must be shown to withstand summary judgment on an Eighth Amendment charge. Strickler [v. Walters], 989 F.2d at 1381; *see* Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990.)

In view of the foregoing authority, Plaintiff clearly does not state facts in support of his Eighth Amendment claim that would entitle him to relief. His allegations do not indicate a sufficiently serious deprivation of life's necessities resulting in serious or significant physical or mental injury or Defendants' deliberate indifference to an excessive risk of harm to him arising from

8

his detention in segregation.[3] The undersigned finds that Plaintiff's allegations that he is being detained in segregation on staff contact only status without allowance to participate in group activities do not present a claim of constitutional magnitude for which relief can be granted. The undersigned further finds that Plaintiff's allegations respecting his clothing and pillow do not present further attendant circumstances sufficient to raise his claim to a level of validity cognizable under the Eighth Amendment of the United States Constitution.[4]

B. Plaintiff's Due Process Claim.

Due process is implicated when an inmate is designated to segregation for a prolonged and indefinite period of time. In Hewitt v. Helms, 459 U.S. 460, 477 n. 9, 103 S.Ct. 864, 874 n. 9, 74 L.Ed.2d 675 (1983), the United States Supreme Court found that under State statutes and regulations, inmate Helms had "a protected liberty interest in remaining in the general prison population." Id., 459 U.S. at 470 - 471, 103 S.Ct. at 871. The Supreme Court noted that some

---

[3] Chief Judge Faber reached the same conclusion in a Memorandum Opinion (Document No. 68.) entered on October 26, 2004, in Adkins, et al., v. Painter, et al., Civil Action No. 5:02-1171.

[4] Plaintiff also alleges that Defendants have retaliated against him for filing grievances, initiating a mandamus and other civil proceedings and assisting other inmates in legal matters by holding him in segregation on staff contact only status and denying him participation in group activities. A prison official's retaliation against an inmate for exercising his constitutional right of access to the Court is a constitutional violation cognizable under § 1983. See Hudspeth v. Figgins, 584 F.2d 1345, 1347-48 (4th Cir. 1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979); American Civil Liberties Union of Maryland, Inc. v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). To prevail on a claim of retaliation, Plaintiff must demonstrate "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 F.2d 227 (1995). Bare assertions of retaliation however, do not rise to the level of a constitutional violation. See Adams, 40 F.3d at 74; White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff has not demonstrated any connection between his continuing detention in segregation and his initiation of grievance and Court proceedings, and his allegations therefore amount to bare assertions of retaliation.

process is required when an inmate is place in administrative segregation for a prolonged or indefinite term stating that "administrative segregation may not be used as a pretext for indefinite confinement of an inmate." The Court stated further as follows:

> Prison officials must engage in some sort of periodic review of the confinement of such inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision . . . will be based on facts relating to a particular prisoner – which will have been ascertained when determining to confine the inmate to administrative segregation – and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for 'proof' in any highly structured manner. * * * [T]he ongoing task of operating the institution will require the prison officials to consider a wide range of administrative considerations . . .

Id. The Supreme Court withdrew from the methodology prescribed by Hewitt focusing upon determining whether the State had created a protected liberty interest in Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).[5] The Supreme Court stated in Sandin that in order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 483 - 484, 115 S.Ct. at 2300. The Court held that an inmate's confinement in disciplinary segregation for one month did not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life and thus did not establish a liberty interest sufficient to invoke a right to due process entitling the inmate to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 .Ed.2d 935 (1974). Sandin, 515 U.S. at 487, 115 S.Ct. at 2302. Thus, length of time that

---

[5] The Supreme Court clearly indicated in *Sandin* that it was not overruling *Hewitt*. *Sandin*, 515 U.S. at 483 n. 5, 115 S.Ct. at 2300 n. 5.

segregation is imposed remains a factor which Courts must consider in determining whether conditions are significant and atypical.

Plaintiff does not allege facts in support of his due process claim that would entitle him to relief. First, Plaintiff's allegations do not indicate that his conditions have unexpectedly exceeded his imposed sentence such that due process is implicated. After all, Plaintiff requested placement in segregation at one point. Second, as found above in the context of Plaintiff's Eighth Amendment claim, Plaintiff's allegations do not evidence an atypical or significant hardship in comparison to those experienced in ordinary prison life and thus do not establish a liberty interest such that a right to due process can be found to exist. Finally, even if a due process right could be found to exist, it is clear from Plaintiff's Complaint that he has been able to present his claims fully to Defendants through the prescribed grievance process thereby having their review of his circumstances.

C. <u>Plaintiff's Equal Protection Claim.</u>

Viable equal protection claims are based upon allegations that similarly situated individuals are treated differently without a rational relationship to a legitimate governmental purpose. In order to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff. <u>Johnson v. California</u>, __ U.S. __, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005).

Plaintiff's equal protection claim is frivolous. His allegations do not indicate or imply that he is a member of any cognizable class of inmates, including him, against which Defendants are discriminating. Rather, it appears that in claiming a right to equal protection, Claimant is actually claiming that Defendants have retaliated against him by charging him with rule violations and holding him in segregation and they do not treat other inmates in the same fashion. There is no

indication in Plaintiff's allegations that Defendants refused to consider his grievances, and therefore the undersigned finds that his allegations of retaliation are insufficient to state a claim for which relief can be granted.

      D. <u>Plaintiff's Motion for Preliminary Injunction.</u>

In considering whether to issue an injunction, the District Court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189, 196 (4th Cir. 1977). Proper balancing of the hardships requires the District Court to weigh the relative importance of four factors:

    (1)    the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;
    (2)    the likelihood of harm to the defendant if the requested relief is granted;
    (3)    the likelihood that the plaintiff will succeed on the merits; and
    (4)    the public interest.

<u>Manning v. Hunt</u>, 119 F.3d 254, 263 (4th Cir. 1997) (*quoting* <u>Rum Creek Coal Sales, Inc., v. Caperton</u>, 926 F.2d 353, 359 (4th Cir. 1991)). Consideration of the first two factors is the first step in the analysis. <u>Blackwelder</u>, 550 F.2d at 196. If the District Court concludes that the balance of the potential hardships favors the Plaintiff, then "it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success." <u>Id</u>.

Plaintiff's Motion for Preliminary Injunction must fail in view of the foregoing analysis because his allegations cannot support a finding that he has or will suffer irreparable harm or that he will succeed on the merits.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's

Complaint (Document No 1.) pursuant to 28 U.S.C. § 1915A, **DENY** Plaintiff's Motion for Preliminary Injunction (Document No. 2.) and Application to Proceed *in forma pauperis* (Document No. 3.) And remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record and to Plaintiff.

ENTER: August 24, 2005.

R. Clarke VanDervort
United States Magistrate Judge